**Maria E. BLANCO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71085.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 12, 2010.

Michael Franquinha, Aguirre Law Group APC, Phoenix, AZ, for Petitioner.

Brianne Whelan Cohen, Trial, Ada Elsie Bosque, Trial, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Maria E. Blanco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order finding that she knowingly participated in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and due process claims, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA properly rejected Blanco's contention regarding the reliability of the Form I–213 where Blanco filed before the IJ a statement of non-objection to the admission of the form. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir.1995); *see also Samayoa–Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir.2009) (procedural rights under 8 C.F.R § 287.3 attach only when formal removal proceedings commence).

According to the Form I–213, Blanco planned to smuggle her undocumented sister into the United States, arranged for her husband and friend to provide assistance, and planned for her sister to stay with her upon arrival in the United States. Blanco therefore "provided some form of affirmative assistance to the illegally entering alien." *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.